UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER M., <br><br>              Plaintiff, <br><br>     v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br>              Defendant. | CASE NO. C20-5183-MAT <br><br> ORDER RE: SOCIAL SECURITY <br> DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960.[1] She has a high school diploma and cosmetology training, and previously worked as an elementary school paraeducator. (AR 209, 230-31.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for DIB in September 2015. (AR 193-94.) That application was denied and Plaintiff timely requested a hearing. (AR 80-82, 85-89.)

In January and September 2018, ALJ C. Howard Prinsloo held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 29-59.) On October 25, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 14-23.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 30, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 16, 2015, the alleged onset date. (AR 16.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's fibromyalgia. (AR 16-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of light work. (AR 18.) With that assessment, the ALJ found Plaintiff

able to perform past relevant work as a paraeducator and therefore not disabled. (AR 22-23.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to discuss certain medical records related to fibromyalgia, and (2) assessing the opinion of consultative examiner Andrew Peter Weir, M.D., and other medical opinions.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Fibromyalgia

The ALJ found Plaintiff's fibromyalgia to be a severe impairment at step two (AR 16-18), and found that as a result of this condition, Plaintiff was limited to light work (AR 18). The ALJ noted that Plaintiff claimed that her fibromyalgia caused disabling limitations, but the ALJ found that Plaintiff was less limited than she alleged based on inconsistencies between her allegations and the objective evidence. (AR 20-22.)

Plaintiff contends that the ALJ's discussion of the objective medical record is erroneous

---

[2] Plaintiff contends that the ALJ's errors with respect to the medical evidence led to an erroneous RFC assessment. Dkt. 14 at 13-14. This assignment of error depends on the previously enumerated assignments of error, and thus need not be addressed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

because it fails to mention any of the notes from the Everett Clinic (AR 386-411). According to Plaintiff, the Everett Clinic records corroborate Plaintiff's fibromyalgia diagnosis and the ALJ erred in ignoring these records and focusing on Dr. Weir's consultative examination. Dkt. 14 at 6-9.

But the ALJ did not dispute Plaintiff's fibromyalgia diagnosis; as indicated above, the ALJ found Plaintiff's fibromyalgia to be a severe impairment at step two. (AR 16-18.) Under these circumstances, Plaintiff has not shown either that the ALJ was required to explicitly discuss the Everett Clinic records or that those records are inconsistent with the ALJ's decision. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

Accordingly, Plaintiff has not established harmful error in the ALJ's failure to explicitly summarize the Everett Clinic records.

### Dr. Weir's opinion

Dr. Weir examined Plaintiff in February 2016 and wrote a narrative report describing Plaintiff's symptoms and examination results. (AR 364-67.) Dr. Weir found that Plaintiff had no functional limitations. (AR 367.) The ALJ gave significant weight to Dr. Weir's opinion because it is consistent with his examination findings, although the ALJ did find Plaintiff to be more restricted than Dr. Weir indicated. (AR 20.)

Plaintiff argues that the ALJ erred in assessing Dr. Weir's opinion because the ALJ failed to focus on the factors set out in the Commissioner's internal agency guidance. *See* Dkt. 14 at 10 (citing Program Operations Manual System (POMS) DI 24503.025). But this section of the POMS applies to claims filed after March 27, 2017, and Plaintiff's claim was filed in September 2015. *See* POMS DI 24503.025, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424503025

(last accessed October 13, 2020).  Thus, this section of the POMS does not apply to the ALJ's decision, and Plaintiff has failed to identify error in the ALJ's assessment of Dr. Weir's opinion.

Plaintiff also argues that the ALJ erred in discounting opinions written by non-acceptable medical sources (a treating naturopath and massage therapist) due to inconsistency with Dr. Weir's opinion. Dkt. 14 at 12-13.  According to Plaintiff, mere inconsistency with Dr. Weir's opinion is not a sufficient basis to discount these treating source opinions, but Plaintiff overlooks that the ALJ also discounted the naturopath's opinion because it was not supported by her few treatment notes, and discounted the massage therapist's opinion because it did not describe limitations relevant to determining Plaintiff's RFC. (AR 20-21.)  Furthermore, inconsistency with the medical record is indeed a valid reason to discount testimony from non-acceptable medical sources.  *See, e.g.*, *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from other sources may be expressly disregarded if the ALJ gives germane reasons for doing so); *Lewis v. Apfel*, 236 F.3d 502, 512 (9th Cir. 2001) (contradictory medical records supported ALJ's rejection of lay testimony).  Because Plaintiff has not shown that any of the ALJ's reasons to discount the non-acceptable medical source opinions is erroneous, the Court affirms the ALJ's assessment of those opinions.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 14th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge